UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEAN CLAUDE AKNIN,

    Petitioner,

  v.

KIM HOLLAND, Warden,

    Respondent.

Case No. 15-cv-00529-YGR (PR)

**ORDER TO SHOW CAUSE**

    Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the $5.00 filing fee. It does not appear from the face of the petition that it is without merit. Good cause appearing, the Court hereby issues the following orders:

    1.    The Clerk of the Court shall serve a copy of this Order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on Petitioner at his current address.

    2.    Respondent shall file with this Court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

    3.    If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within **sixty (60) days** of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty (60) days** after the date Petitioner is served with Respondent's Answer.

4. Respondent may file with this Court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within **sixty (60) days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

5. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss a *pro se* action without prejudice when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

Petitioner must also serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

6. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

7. Petitioner's motion for appointment of counsel (dkt. 3) is DENIED without prejudice. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986) (unless an evidentiary hearing is required, the decision to appoint counsel in habeas corpus proceedings is within the discretion of the district court). Petitioner clearly presented his claims for relief in the petition and an order to show cause is issuing. *Accord Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (although petitioner had no background in law, denial of appointment of counsel within discretion of district court where petitioner clearly presented issues in petition and accompanying

2

memorandum).  The Court will appoint counsel on its own motion if an evidentiary hearing is later required.  *See Knaubert*, 791 F.2d at 728 (appointment of counsel mandatory if evidentiary hearing is required).

      8.     This Order terminates Docket No. 3.

**IT IS SO ORDERED.**

Dated: April 7, 2015

                                         YVONNE GONZALEZ ROGERS
                                         United States District Court Judge